Joshua G. Simon, Bar No. 264714
MILLER MILLER GERBER LLP
18301 Von Karman Ave, Suite 950
Irvine, CA 92612
(714) 450-3800; Facsimile: (714) 450-3801
jsimon@mmg-llp.com

Attorneys for Defendants APOGEE HUMBOLDT LLC,
TIM KENNEDY, AND MATT BEAUDREAU

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTON ACADEMY, a Texas Nonprofit Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>APOGEE HUMBOLT LLC, a California Limited Liability Company; TIM KENNEDY, an individual; MATT BEAUDREAU, an individual; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.    3:25-cv-09688-MMC<br><br>**DECLARATION OF DENNIS L. GREBE IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS APOGEE HUMBOLDT LLC, TIM KENNEDY, AND MATT BEAUDREAU OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO THE WESTERN DISTRICT OF TEXAS**<br><br>Date: December 19, 2025<br>Time: 9:00 a.m.<br>Dept: Courtroom 7 - 19th Floor<br>Judge: Hon. Maxine M. Chesney<br><br>Trial Date: Not Yet Set<br>Date Action Filed: November 10, 2025 |

- 1 -
DEFENDANTS' MOTION TO DISMISS

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 19, 2025, at 9:00 a.m., or soon thereafter as the matter may be heard, in Courtroom 7 – 2nd Floor located at the Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, California, Defendants Apogee Humboldt LLC ("Apogee Humboldt"), Tim Kennedy ("Kennedy"), and Matt Beaudreau ("Beaudreau") will and hereby do move this Court for an order dismissing Plaintiffs' Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6) on the grounds that:

(a) Defendants Kennedy and Beaudreau are not subject to personal jurisdiction in California;

(b) Plaintiffs fail to state any claim for relief against Defendants; and

(c) Venue in California is improper.

In the alternative, should the Court not dismiss any of the claims for any reason, Defendants request that the case be transferred to the Western District of Texas as required by the forum selection clause in the alleged contracts at issue, pursuant to Rule 12(b)(3) and 28 U.S.C. § 1404(a).

This motion is based upon this Notice; the accompanying Memorandum of Points and Authorities; the Declarations of Chris Meyers and Dennis Grebe and the exhibits thereto; the Request for Judicial Notice; the pleadings, files, and records in this action; and such additional evidence and arguments as may be presented at the hearing of this motion.

Dated: November 17, 2025              MILLER MILLER GERBER LLP

By: _/s/ Joshua G. Simon_
    Joshua G. Simon
    Attorney for Defendants, APOGEE HUMBOLDT
    LLC, TIM KENNEDY, AND MATT
    BEAUDREAU

DEFENDANTS' MOTION TO DISMISS

## TABLE OF CONTENTS

STATEMENT OF ISSUES TO BE DECIDED ................................................................................ 6

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 7

I.   INTRODUCTION ................................................................................................... 7

II.   FACTUAL BACKGROUND ................................................................................. 9

III.   LEGAL STANDARD .......................................................................................... 11

IV.   ARGUMENT ........................................................................................................ 11

A.   Kennedy and Beaudreau Lack Minimum Contacts with California.

B.   Because Apogee Humboldt Has Never Received Nor Used Any of The Alleged Trademarks, the Complaint Fails to State a Claim.

C.   Because Venue in California Is Improper, The Case Should Be Dismissed Or, Alternatively, Transferred to the Western District of Texas.

V.   CONCLUSION ...................................................................................................... 18

DEFENDANTS' MOTION TO DISMISS

**TABLE OF AUTORITIES**

**Statutes**

28 U.S.C. § 1404 ............................................................................................................... 17

28 U.S.C. § 1404(a) .......................................................................................................... 17

28 U.S.C. § 1404(a)). ........................................................................................................ 17

**Rules**

FRCP 12(b)(2) ............................................................................................................... 9, 11

FRCP 12(b)(3) ............................................................................................................... 9, 17

FRCP 12(b)(6) ........................................................................................................... 9, 11, 14

**Cases**

*Atl. Marine Constr. Co. v. United States Dist. Court*,

   571 U.S. 49 (2013) ...................................................................................................... 17

*. Ashcroft v. Iqbal*,

   556 U.S. 662 (2009) ................................................................................................ 11, 14

*Bell Atlantic Corp. v. Twombly,*

   550 U.S. 544 (2007) ...................................................................................................... 11

*Briskin v. Shopify, Inc.*,

   135 F.4th 739 (9th Cir. 2025) ...................................................................................... 14

*Church of Scientology of Cal. v. U.S. Dept. of Army*,

   611 F.2d 738 (9th Cir.1979) .......................................................................................... 7

*Collins v. Morgan Stanley Dean Witter*,

   224 F.3d 496 (5th Cir. 2000) ........................................................................................ 11

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*,

   544 F. Supp. 2d 949 (N.D. Cal. 2008). .......................................................................... 7

*In re Century Aluminum Co. Sec. Litig.*,

   729 F.3d 1104 (9th Cir. 2013) ...................................................................................... 14

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*,

   544 F. Supp. 2d 949 (N.D. Cal. 2008) ............................................................................ 7

DEFENDANTS' MOTION TO DISMISS

*Omnicell, Inc. v. Medacist Sols. Grp., LLC*,

    272 F.R.D. 469 (N.D. Cal. 2011) ................................................................................. 17

*Schwarzenegger v. Fred Martin Motor Co.,*

    374 F.3d 797 (9th Cir. 2004) ............................................................................... 11, 12

*Senne v. Kansas City Royals Baseball Corp.*,

    105 F. Supp. 3d 981 (N.D. Cal. 2015). ...................................................................... 13

*Starz Ent., LLC v. MGM Domestic Television Distrib., LLC*,

    39 F.4th 1236 (9th Cir. 2022) .................................................................................... 14

*Stewart Org., Inc. v. Ricoh Corp.*,

    487 U.S. 22 (1988) ..................................................................................................... 17

*Sun v. Advanced China Healthcare, Inc.*

    901 F.3d 1081 (9th Cir. 2018) ................................................................................... 16

*Woodland v. Hill*,

    136 F.4th 1199 (9th Cir. 2025) .................................................................................. 14

**Statutes**

28 U.S.C. § 1404 .............................................................................................................. 17

28 U.S.C. § 1404(a) ......................................................................................................... 17

28 U.S.C. § 1404(a)). ...................................................................................................... 17

**Rules**

FRCP 12(b)(2) ............................................................................................................. 9, 11

FRCP 12(b)(3) ............................................................................................................. 9, 17

FRCP 12(b)(6) ...................................................................................................... 9, 11, 14

**STATEMENT OF ISSUES TO BE DECIDED**

The motion raises the following issues:

1.    Whether Plaintiffs' claims against Defendants Tim Kennedy and Matt Beaudrea should be dismissed for lack of personal jurisdiction given those Defendants lack of minimum contacts with California.

2.    Whether Plaintiffs' claims against one or more of the Defendants should be dismissed because Plaintiffs fail to allege, much less plausibly, that any Defendant used any of the alleged trademarks or other proprietary information, much less where or how.

3.    Whether dismissal or transfer is warranted given that venue is improper because the forum selection clause in the alleged contracts at issue provides "Venue for any action arising under or in connection with this Agreement shall lie exclusively in Travis County, Texas."

DEFENDANTS' MOTION TO DISMISS

<strong>MEMORANDUM OF POINTS AND AUTHORITIES</strong>

**I.      INTRODUCTION**

Acton filed its complaint against Defendants Apogee Humboldt LLC ("Apogee Humboldt"), Tim Kennedy ("Kennedy"), and Matt Beaudreau ("Beaudreau") in California based primarily on allegations of trademark infringement and unfair competition stemming from contracts Acton entered into with Kennedy and Beaudreau. Despite already actively litigating in state and federal courts in Texas against Kennedy, Beaudreau, and Apogee Humboldt regarding their alleged trademark infringement, Acton and their owners have inexcusably broadened their ***completely unsubstantiated*** complaints in an attempt to bring suit against any individual or entity who elects to interact with the Apogee educational platform. To further frustrate matters, Acton continues to file carbon copy petitions against Beaudreau and Kennedy in multiple jurisdictions despite the fact these individuals appeared in their respective cases in Texas over one year ago and despite having a valid forum selection clause in the very alleged contracts Acton claims to be at issue that requires all suits relating to the same to be litigated in Texas. Acton is blatantly ignoring the venue provision contained in the alleged contracts with Beaudreau and Kennedy.

Additionally, Acton is clearly ignoring the first-to file rule which this Court has explained is "designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 957 (N.D. Cal. 2008) (granting motion to dismiss trademark litigation based on first-to-file rule) (citing *Church of Scientology of Cal. v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir.1979)). Under the first-to-file rule, the initial district court which obtains jurisdiction of parties and issues should have priority, and the second court should decline consideration of the action until the proceedings before the first court are terminated. *Id.* As Beaudreau and Kennedy have active litigation in Texas for the same claims, this Court should decline consideration until the ongoing Texas lawsuits have ended. Failure to do so will only embolden Acton's nationwide barrage of litigation against Kennedy, Beaudreau, and Apogee Humboldt.

As recently highlighted by Acton's co-founder, Jeff Sandefer, Acton plans to continue to expand this approach and clear defiance of well-established precedence by asserting baseless claims

- 7 -

against each and every Apogee affiliate along with Kennedy and Beaudreau. Specifically, Mr. Sandefer asserted:

> Please be advised we plan to mirror our recent efforts in Florida by filing lawsuits against each and every Apogee affiliate in their respective state courts, a campaign which will accelerate in the coming months.
>
> Bottom line - we're just getting started.
>
> Jeff

Mr. Sandefer's correspondence was not a veiled threat; rather, Acton has initiated lawsuits throughout the United States including in Florida, Texas, Wyoming, and Colorado. To further frustrate matters, Acton has now initiated baseless litigation against multiple entities in California. In fact, Acton has sued numerous schools that have not even opened their doors to the public, including Apogee Humboldt. Despite having no information to suggest that these California entities have any information of Acton, much less proprietary information, Acton alleges that the numerous California affiliated Apogee schools ("Apogee Entities") misappropriated Acton's trademarked materials in order to develop a competing educational program. Without any supporting documentation or references, Acton continues to allege that all Apogee affiliates are part of some national conspiracy to undermine and infringe on Acton's educational system. These allegations are wholly unsubstantiated and knowingly baseless. Notably, Apogee Humboldt and their founders have never had any relevant connections to Acton or received any of its alleged proprietary information.

Relevant to this motion, a thorough review of Acton's complaint confirms that Acton has failed to illicit any indication Apogee Humboldt has access to or are using any of Acton's alleged proprietary information (which of course is highly public, including described in a book by Acton's founder Laura Sandefer called "Courage to Grow", as well as disseminated regularly through marketing, and to students and parents without any requirement of confidentiality). Rather, Acton asserts Apogee teaches in six-weeks blocks, does not assign traditional homework, uses the Socratic method, and encourages more project-based learning. (*See* ECF 1-2 ¶¶ 25-27.) Then, Acton boldly asserts that these ideas were developed by Jeff and Laura Sandefer and are proprietary in nature. This is simply not true. These concepts are derived from Montessori based programs which are prevalent through the entire United States.

- 8 -
DEFENDANTS' MOTION TO DISMISS

Ultimately, none of the Defendants have improperly acquired and are certainly not using any of Acton's proprietary information. Further, Kennedy and Beaudreau have not availed themselves to the California market and should not be forced to litigate in California given their ongoing actions in Texas. For these reasons, the Court does not have personal jurisdiction over Kennedy and Beaudreau and Acton's claims should be dismissed under FRCP 12(b)(2). And because of the valid forum selection clause, and because all of the alleged actions occurred in Texas, dismissal is appropriate under FRCP 12(b)(3). Additionally, Acton's claims against Apogee Humboldt, Bagley, Lu, and Gunn should be dismissed under FRCP 12(b)(6) as Acton does not actually claim that Apogee Humboldt has infringed any trademark, and it has never used "Acton Academy," "Children's Business Fair," or "Acton Children's Business Fair."

## II.    FACTUAL BACKGROUND

In 2020, Kennedy founded Apogee Cedar Park which opened its doors to students in the Travis and Williamson County areas and began providing these valuable services to youth and their families. In the beginning, Apogee Cedar Park operated under the Acton umbrella—applying their curriculum, philosophy, and schedule in educating children and families. Shortly after formation, Acton asserted Apogee Cedar Park was not being run in the correct way and was failing to abide by Acton's mission and beliefs statement. Apogee Cedar Park disagreed with these assertions and highlighted they were providing valuable educational services to their students. However, in 2022, Acton terminated Apogee Cedar Park's license due to alleged noncompliance under their agreement—in other words, Acton asserted that Apogee Cedar Park was not operating its school using the Acton methodology. Notably, around the same time period, Acton also terminated its business relationship with Matt Beaudreau who operated separate schools under the Acton umbrella.

Following their termination, Beaudreau and Kennedy implemented a new, unique, and innovative approach to their programs—different from Acton—in earnest as they were no longer operating under the Acton umbrella. This unique program garnered support and multiple individuals expressed interest in developing institutions which incorporated Apogee's unique framework and philosophy.

Over the last year, Acton has asserted groundless assertions of trademark violations, misappropriation, and similar allegations, in which Acton accuses Beaudreau, Kennedy, and numerous Apogee Entities of creating a mirror image of Acton's education model by using Acton's proprietary information. This is especially frustrating as Acton continues to take juxtaposed positions. On one hand, Acton alleges they validly terminated Kennedy and Beaudreau for failing to operate their school in accordance with Acton's model. Then, after termination, Acton accuses them of running copy-cat education institutions. Essentially, in an attempt to stifle competition, Acton is simply trying malign Kennedy and Beaudreau in their efforts to create a unique educational program.

Despite Acton's conflicting positions, the Apogee Entities have developed a distinct educational approach and philosophy without incorporating any of Acton's trademarked or otherwise proprietary materials or information. This fact rings also true for the other defendants in state and federal courts (including this Court) who have continuously been subjected to false accusations by Acton.

When initially confronted with these allegations, the Apogee Entities worked in earnest to placate Acton's fears and highlighted that the Apogee Entities were aimed at operating a distinct and separate educational program from Acton. Despite this fact, Acton initially sued Matt Beaudreau, Tim Kennedy, and three Apogee Entities in Texas State Court on August 13, 2024.[1] Two weeks later, on August 27, 2024, Acton amended its complaint to include two additional Apogee Entities. Then, on September 16, 2024, Acton amended its state court petition to include another two Apogee Entities. (*See* Declaration of Dennis L. Grebe ("Grebe Decl."), Ex. 2.) On November 22, 2024, Acton filed a suit in federal court against Tim Kennedy and twenty-five additional Apogee Entities and/or persons. On January 30, 2025, Acton amended its complaint against Tim Kennedy and nine Apogee Entities and/or persons—dismissing the rest of the Apogee entities in the face of a motion to dismiss. (Grebe Decl., Ex. 1.)[2] Subsequently, the Western District of Texas dismissed additional entities; however,

---

[1] Acton has since nonsuited Tim Kennedy in the state court litigation.

[2] Defendants concurrently file a Request for Judicial Notice of Exhibit 1-4 attached to the Declaration of Dennis L. Grebe.

DEFENDANTS' MOTION TO DISMISS

Kennedy is still an active litigant in the ongoing litigation in the Western District of Texas. On April 17, 2025, Acton initiated litigation against seven Apogee affiliates in Florida. In August and September of 2025, Acton initiated litigation in California, Wyoming, and Colorado, against Kennedy, Beaudreau, and numerous Apogee affiliates. As directed by Jeff Sandefer, Acton is just getting started with no signs of slowing down—filings made only to stifle competition in the education marketplace.

### III.    LEGAL STANDARD

Under Rule 12(b)(2), a non-resident defendant may move to dismiss for lack of personal jurisdiction. Plaintiff bears the burden of establishing that (1) there is personal jurisdiction over Defendants; and (2) the exercise of that jurisdiction would not violate due-process requirements. *See Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800–01 (9th Cir. 2004).

Dismissal under Rule 12(b)(6) is appropriate if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) . "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A "pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). The pleadings include the complaint and any documents attached to it. *Id*. Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.*

### IV.    ARGUMENT

### A. Kennedy and Beaudreau Lack Minimum Contacts with California.

Defendants Kennedy and Beaudreau should be dismissed pursuant to Rule 12(b)(2) because they are not subject to personal jurisdiction in California. A federal court has personal jurisdiction over a non-resident defendant only if: (1) the defendant must purposefully avail itself of the privilege of conducting activities in the forum or purposefully direct activities towards the forum; (2) the claim

must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Due process is satisfied only when the nonresident defendant has established minimum contacts with the forum state, and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Id.* at 801. Over time, courts have refined minimum contacts into contacts that give rise to either general or specific jurisdiction. *Id.* General jurisdiction refers to the exercise of jurisdiction only when the defendant's contacts are so continuous and systematic as to render the defendant at home in the forum state. *Id.* In comparison, specific personal jurisdiction is narrower and only attaches when there is a sufficient connection between plaintiff's causes of action and defendant's contacts in the forum state. *Id.* at 802. In California, the Court has established a three prong-test for determining specific personal jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.*

Kennedy and Beaudreau are not subject to jurisdiction in California. It is undisputed that Kennedy is a resident of Texas while Beaudreau is a resident of North Carolina. (*See* ECF 1-2 ¶¶ 4-5.) Neither individual has purposefully directed its activities at residents of California and Acton's injuries do not arise of any forum related activities. As such, the California long-arm statute do not confer jurisdiction over Kennedy and Beaudreau. *Schwarzenegger*, 374 F.3d at 802.

Further, Acton does not allege that Kennedy or Beaudreau are subject to this Court's general jurisdiction. Therefore, Acton must establish that Kennedy and Beaudreau are subject to specific jurisdiction. Acton has not pled (and cannot plead) facts sufficient to satisfy its burden to present a

DEFENDANTS' MOTION TO DISMISS

prima facie case that personal jurisdiction is proper. Simply put, specific jurisdiction does not exist over Kennedy and Beaudreau, both nonresident defendants, as neither individual has purposefully availed itself of the benefits of California.

Nowhere in its Complaint does Acton allege that Kennedy or Beaudreau have purposefully availed itself of conducting business in California. Acton fails to address any tortious activity Beaudreau or Kennedy performed in California or was otherwise purposefully directed toward California. Acton does not plead Kennedy or Beaudreau are personally operating Apogee schools in California. Rather, Acton goes into great length about actions Kennedy and Beaudreau have taken in operating their schools and Apogee affiliated programs while situated in Texas and North Carolina. (*See* ECF 1-2 ¶¶ 31-37.) Entering into a contract with a California based entity is not enough to confer personal jurisdiction upon Kennedy and Beaudreau. *Senne v. Kansas City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 1023 (N.D. Cal. 2015). As such, Acton's Petition does not establish personal jurisdiction as to Kennedy and Beaudreau in California.

*Assuming arguendo* that the Court finds Acton established Kennedy or Beaudreau have minimum contacts with California, Kennedy and Beaudreau have a compelling case that the presence of some other considerations would render jurisdiction unreasonable. Specifically, Kennedy is actively litigating the exact same facts and claims in the Western District of Texas. (*See* Grebe Decl., Ex. 1.) In fact, Kennedy is presently scheduled to present for deposition on December 10, 2025, in Travis County for his case which is currently pending in the Western District of Texas. (Grebe Decl., Ex. 2.) Similarly, Beaudreau is actively litigating a separate case in Travis County State Court for the same operative set of facts and claims. (Grebe Decl., Ex. 3.) Acton is blatantly violating the first-to-file rule by continuously filing identical suits against Kennedy and Beaudreau in various jurisdictions. *See Intersearch Worldwide, Ltd.* 544 F. Supp. 2d at 957. The fact that Acton is presently litigating identical facts and claims against Kennedy, Apogee Humboldt, and Beaudreau in Texas creates a compelling case that renders jurisdiction in California unreasonable regardless of whether Kennedy or Beaudreau have minimum contacts with California.

**B. Because Apogee Humboldt Has Never Received Nor Used Any of The Alleged Trademarks, the Complaint Fails to State a Claim.**

DEFENDANTS' MOTION TO DISMISS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "articulate 'enough facts to state a claim to relief that is plausible on its face.'" *Woodland v. Hill*, 136 F.4th 1199, 1206 (9th Cir. 2025) (quoting *Starz Ent., LLC v. MGM Domestic Television Distrib., LLC*, 39 F.4th 1236, 1239 (9th Cir. 2022)). "A collectively pleaded complaint may fail to provide fair notice to a defendant, where there are multiple defendants and claims, and the complaint fails to differentiate among them." *Briskin v. Shopify, Inc.*, 135 F.4th 739, 762 (9th Cir. 2025). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted). Where two explanations are merely possible, "[s]omething more is needed, such as facts tending to exclude the possibility that the alternative explanation is true." *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) (citing *Twombly*, 550 U.S. at 554.

Here, Plaintiff is objecting to the use of terms and educational philosophies that are pervasive in numerous distinct educational programs alike such that there is not sufficient factual allegations that any acquisition or use (which there has not been any) of the terms would be protected.[3] For example, Acton is routinely objecting to the description of teachers as guides despite this being a term from the Montessori program. (ECF 1-2 ¶ 23.) This term is not unique to Acton nor is it part of the philosophy of Apogee Entities. Despite Acton's belief to the contrary, their program is derived from other alternative educational programs. In fact, Acton affiliate's website acknowledges several of Acton's principles are strictly derived from the Montessori program. Specifically, Acton advertises:

> A common response to this question from other Acton owners is that Acton Academy is almost like a Montessori 2.0 or Montessori for the 21st Century. While Acton Academies do believe in many of the principles espoused by Maria Montessori (respect of the child, self-learning/freedom of choice,

---

[3] *See* "Local Students Honored at Student Hero Awards" News Radio 92.3 website, *available at* https://www.newsradio923.com/post/local-students-honored-at-student-hero-awards/ (last accessed November 7, 2025) & "A Teacher's Rules" Responsive Classroom website, *available at* https://www.responsiveclassroom.org/a-teachers-rules/ (last accessed November 7, 2025).

- 14 -
DEFENDANTS' MOTION TO DISMISS

multi-age classrooms, a prepared environment and teachers as guides, to name a few) . . . .[4]

Admittedly, Acton is not a mirror image of the Montessori model as it has distanced itself in some aspects. Similar to Acton distancing itself from the Montessori program, the Apogee Entities are not the same as Acton and do not try to be—they provide a distinct and separate private schooling program from Acton. In contrast, Acton affiliates continue to display social media post pertaining to Matt Beaudreau despite the fact he has not been associated with Acton for several years.[5]

Notably, the Complaint does not identify that Apogee Humboldt has ever used any contested phrases. Instead, it makes repeated references to "Defendants" as a whole, without providing any actual allegations specific to Apogee Humboldt. (*See e.g.*, ECF 1-2 ¶¶ 50, 57.) The fact of the matter is that no trademark infringement, misappropriation of trade secrets, civil conspiracy, or unfair competition have occurred, much less by Apogee Humboldt. And there is nothing that Acton has alleged in its Complaint that links Apogee Humboldt to any violations. The inclusion of Apogee Humboldt on Apogee Strong's website is wholly insufficient to establish a claim against Apogee Humboldt and its founders and employees. (ECF 1-2 ¶ 41.) As such, the claims in the Complaint should be dismissed because they fail to state a claim—specifically, they fail to provide factual allegations that Apogee Humboldt acquired any trade secret material from Acton or used any of Acton's proprietary information.

Rather, Chris Meyers founded Apogee Humboldt to provide valuable services to the Humboldt area. (Grebe Decl., Ex. 4 ¶ 2.) Apogee Humboldt has never been affiliated with Acton and has never received Acton's proprietary information. (*Id.* ¶ 5.) Apogee Humboldt does not use nor do they have plans to use any Acton proprietary material. (*Id.*)

---

[4] "What are the Main Differences Between Montessori and Acton Academy Programs?" Acton Academy San Diego East website, *available at* https://actonsandiegoeast.org/main-differences-montessori-acton-academy-programs-guest-blog-post-dr-vineet-nair-andrea-nair-m-ccc-2/ (last viewed November 7, 2025).

[5] "Top 3 Things a Parent Can Expect when Joining an Acton Academy" Acton Academy St. George website, *available at* https://www.actonstgeorge.com/top-3-things-a-parent-can-expect-when-joining-an-acton-academy/ (last viewed November 7, 2025) & "Resources" Capstone an Acton Academy website, *available at* https://www.capstoneacton.org/get-inspired/ (last viewed November 7, 2025).

DEFENDANTS' MOTION TO DISMISS

Ultimately, Acton's complaint fails to allege with any factual sufficiency that Apogee Humboldt, Kennedy, or Beaudreau are using any of Acton's proprietary information in their efforts to build their educational program. The only fact specific allegation to Apogee Humboldt contained in Acton's Complaint is the assertion that Apogee Humboldt appears on the Apogee Strong, LLC website. (ECF 1-2 ¶ 41.) The fact that Apogee Humboldt appears on another entity's website does not state a claim for trademark infringement, unfair competition, or violations of the California Uniform Trade Secrets Act. Therefore, Apogee Humboldt, Kennedy, and Beaudreau should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

**C. Because Venue in California Is Improper, The Case Should Be Dismissed Or, Alternatively, Transferred to the Western District of Texas.**

As detailed above, the contract underlying Plaintiff's claims against Kennedy and Beaudreau contains a forum selection clause requiring all suits to be brought in Texas. (Grebe Decl., Ex. 1 ("Choice of Law, Jurisdiction, and Venue" in *Trademark License Agreements* at pp. 50 ¶ 10), and 55 ¶ 10).) Therefore, should the Court not dismiss Plaintiff's claims in their entirety, Kennedy, Beaudreau, and Apogee Humboldt respectfully request that this suit be dismissed pursuant to Rule 12(b)(3) or transferred to the U.S. District Court for the Western District of Texas, where Acton has already pursued litigation against Defendants.

The Ninth Circuit has held that forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. *Sun v. Advanced China Healthcare, Inc.* 901 F.3d 1081, 1087 (9th Cir. 2018). When the parties have agreed to a valid forum selection clause, the district court should generally transfer the case to the forum specified in that clause. *Id.* The burden is on the plaintiff to establish why the court should not transfer the case to the agreed upon forum. *Id.*

Plaintiff's claims fall squarely within the ambit of the forum selection clause in the contract between the parties. That clause provides that the parties consent, without limitation, "Venue for any action arising under or in connection with this Agreement shall lie exclusively in Travis County, Texas." (Grebe Decl., Ex. 1, at pp. 50 ¶ 10 and 55 ¶ 10.) Plaintiff's suit should therefore be dismissed

DEFENDANTS' MOTION TO DISMISS

pursuant to Rule 12(b)(3). *Omnicell, Inc. v. Medacist Sols. Grp., LLC*, 272 F.R.D. 469, 477 (N.D. Cal. 2011) (granting motion to dismiss for improper venue under Rule 12(b)(3) and 28 U.S.C. § 1404(a).).

Alternatively, Defendants respectfully request that the Court transfer the claims against Kennedy, Beaudreau, and Apogee Humboldt to the U.S. District Court for the Western District of Texas under 28 U.S.C. § 1404. That statute provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 62 (2013) ("*Atlantic Marine*"). "Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* at 62–63 (quoting 28 U.S.C. § 1404(a)). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause." *Id.* at 63. The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.* (citation and internal quotation marks omitted). For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote "the interest of justice," "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring). The presence of a valid forum-selection clause requires district courts to give the plaintiff's choice of forum no weight. *See Atlantic Marine*, 571 U.S. at 63 ("[A]s the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted."). And "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* at 64 ("[A] district court may consider arguments about public-interest factors only."). In general, as the Supreme Court has explained, "[w]hen the parties have agreed to a

valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id.* at 62.

Here, the forum selection clause in the contract forming the basis of the allegations in this suit requires that all suits be brought in Texas courts. As such, if not dismissed entirely, the claims against Kennedy and Beaudreau should be transferred to the U.S. District Court for the Western District of Texas.

## A. CONCLUSION

For the foregoing reasons, Apogee Humboldt, Tim Kennedy, and Matt Beaudreau, respectfully request that the Court grant this Motion to Dismiss with prejudice.

Dated: November 17, 2025                    MILLER MILLER GERBER LLP


By: */s/ Joshua G. Simon*
Joshua G. Simon
Attorney for Defendants, APOGEE HUMBOLDT LLC, TIM KENNEDY, AND MATT BEAUDREAU

DEFENDANTS' MOTION TO DISMISS