# Exhibit A

 Gmail                                                                     Jeremy Friedman <friedman313@gmail.com>

---

**Activity in Case 3:25-cv-03130-JO-KSC Acton Academy v. Apogee San Diego LLC et al Order on Motion to Dismiss**

**efile_information@casd.uscourts.gov** <efile_information@casd.uscourts.gov>                    Wed, Feb 25, 2026 at 2:07 PM
To: efile_information@casd.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Southern District of California**

**Notice of Electronic Filing**

The following transaction was entered on 2/25/2026 at 2:07 PM PST and filed on 2/25/2026
**Case Name:**        Acton Academy v. Apogee San Diego LLC et al
**Case Number:**     3:25-cv-03130-JO-KSC
**Filer:**
**WARNING: CASE CLOSED on 02/25/2026**
**Document Number:** 19(No document attached)

**Docket Text:**
**Minute Order by Judge Jinsook Ohta: Plaintiff Acton Academy sued Defendants Apogee San Diego LLC, Tim Kennedy, Matt Beaudreau, and Javvad Syed for misappropriating Acton's proprietary information to start a competing business. Defendants removed the matter to federal court, then moved to dismiss or alternatively to transfer venue. Dkts. 1, 9. Plaintiff moved to remand. Dkt. 13.**
**Defendants contend the complaint asserts trademark infringement claims giving rise to federal question jurisdiction under the Lanham Act, 15 U.S.C. § 1121. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Under Ninth Circuit law, a plaintiff may rely exclusively on state-law theories even if a federal claim could have been pled. *See id.* Here, the complaint alleges only California causes of action that do not arise under the Lanham Act. *See id.* at 1490. Accordingly, there is no basis for federal question jurisdiction, and the case must be remanded for lack of subject matter jurisdiction.**
**For the reasons stated above, the Court GRANTS Plaintiff's motion to remand. [Dkt. 13] The Court DENIES as moot Defendants' motion to dismiss or transfer venue and VACATES the March 5, 2026 hearing. [Dkt. 9].**
**The Clerk of the Court is directed to close the case. Signed by Judge Jinsook Ohta on 02/25/2026. (rh)**


**3:25-cv-03130-JO-KSC Notice has been electronically mailed to:**

Joshua G. Simon     jsimon@mmg-llp.com,  amoore@mmg-llp.com,  jgarcia@mmg-llp.com,  sjohal@mmg-llp.com

Jeremy M. Friedman     friedman313@gmail.com

**3:25-cv-03130-JO-KSC Notice has been delivered by other means to:**

Brian F. Buchanan
Buchanon & Patterson, LLP
465 E. Union Street
Suite 201
Pasadena, CA 91101