United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ACTON ACADEMY,

           Plaintiff,

      v.

APOGEE HUMBOLT LLC, et al.,

           Defendants.

Case No.  25-cv-09688-MMC

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Before the Court is plaintiff Acton Academy's "Motion to Remand to State Court," filed December 5, 2025, pursuant to 28 U.S.C. § 1447(c). Defendants Apogee Humbolt LLC, Tim Kennedy, and Matt Beaudreau have filed a single opposition, to which plaintiff has replied. The Court, having read and considered the parties' respective written submissions, hereby rules as follows.

## BACKGROUND

On August 20, 2025, plaintiff filed the instant action against defendants in the Superior Court of California, County of Humboldt (see Doc. No. 1-3), asserting ten state law causes of action (see Doc. No. 1-2 ("Complaint") ¶¶ 62-156).

On November 10, 2025, defendants filed, pursuant to 28 U.S.C. § 1441(a), a "Notice of Removal" predicated on federal question jurisdiction. In particular, defendants assert, plaintiff's claims fall "squarely within the purview of the Lanham Act," a federal statute. (See Doc. No. 1 at 2:12-16.)

By the instant motion, plaintiff seeks an order remanding the above-titled action to

United States District Court
Northern District of California

the Superior Court of California, County of Humboldt, based on "lack of subject matter jurisdiction." (See Motion at 1:2-3.)

**LEGAL STANDARD**

"Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action." See Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1243 (9th Cir. 2009). District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331.

"A motion to remand is the proper procedure for challenging removal." See Moore-Thomas, 553 F.3d at 1244; see also 28 U.S.C. § 1447(c) (providing "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). "The removal statute is strictly construed," with "any doubt about the right of removal requir[ing] resolution in favor of remand," and "the defendant always has the burden of establishing that removal is proper." See Moore-Thomas, 553 F.3d. at 1244.

**DISCUSSION**

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) (internal quotation and citation omitted). In determining whether the requisite showing has been made, courts apply a two-pronged test, under which, as applicable to the instant removal, "federal jurisdiction extends only to those cases in which a well-pleaded complaint establishes either that [1] federal [trademark] law creates the cause of action or [2] that

United States District Court
Northern District of California

the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal [trademark] law, in that federal [trademark] law is a necessary element of one of the well-pleaded claims." See Duncan v. Stuetzle, 76 F.3d 1480, 1486 (9th Cir. 1996) (internal quotation and citation omitted; alterations in original).

As to the first prong, defendants, citing plaintiff's allegations of trademark infringement, contend plaintiff "has clearly pled a federal trademark infringement cause of action." (See Opp. at 9:23-26.) Contrary to defendants' contention, however, all of plaintiff's causes of action are, as noted, asserted under state law, not federal law. (See Complaint ¶¶ 62-156). In particular, plaintiff alleges six substantive causes of action, namely, "Breach of Written Contract," "Breach of the Covenant of Good Faith and Fair Dealing," "Unfair Competition—Common Law, California Business and Professions Code §§ 17200 et seq." "Misappropriation of Trade Secrets; Cal. Civ. Code § 3426 et seq.," "Aiding and Abetting Tortious Conduct," and "Civil Conspiracy," with the remaining causes of action asserting claims for relief, namely, "Restitution," "Preliminary Injunction," "Permanent Injunction," and "Declaratory Relief." In short, "[b]ecause the face of [plaintiff's] complaint does not clearly establish that the Lanham Act creates any of the [ten] claims found in [its] complaint, the first prong of [the above-discussed] test is not met." See Duncan, 76 F.3d. at 1486.

As to the second prong, defendants contend "federal trademark law is necessary for resolving" plaintiff's claims. (See Opp. at 11:24.) Where, however, a "state-law based theory of relief can be offered for each of the [alleged] causes of action in the complaint,…the exercise of removal jurisdiction [is] improper." See Duncan, 76 F.3d. at 1486. Here, plaintiff has alleged a viable state law theory of liability in support of each of its claims. In particular, each of plaintiff's causes of action is predicated, either expressly or through incorporation by reference, not only on misappropriation of a trademark but

also upon misappropriation of "trade secrets," misappropriation of "confidential and proprietary materials,"[1] and/or misappropriation of "goodwill" (see, e.g., Complaint ¶¶ 65, 68, 77, 81, 86, 91, 92, 95, 103, 114, 117), and, as the Ninth Circuit has noted, "the plaintiff is the 'master' of [its] case," see Duncan, 76 F.3d. at 1485 (holding where plaintiff "can maintain [its] claims on both state and federal grounds, [it] may ignore the federal question, assert only state claims, and defeat removal"). In sum, defendants having failed to show "resolution of a federal trademark law question is essential to each of the alternative [state law] theories," the second prong of the above-discussed test is not met. See id. at 1486.

## CONCLUSION

For the reasons stated above, plaintiff's Motion to Remand is hereby GRANTED, and the above-titled action is hereby REMANDED to the Superior Court of California, County of Humboldt.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 27, 2026

MAXINE M. CHESNEY
United States District Judge

---

[1] Defendants' argument that a representative of plaintiff in a different lawsuit "admitted…Acton's proprietary material is limited to the federal trademarks" (see Opp. at 7:9-10) is unavailing. See Wayne, 294 F.3d at 1183 (holding "federal jurisdiction exists only when a federal question is presented on the face" the complaint). Moreover, a trademark claim can be brought under California law as well as federal law. See Toho Co., Ltd. v. Sears, Roebuck & Co., 645 F.2d 788, 791 (9th Cir. 1981) (recognizing "claim based on the California common law of trademarks").

United States District Court
Northern District of California